BURDINE'S Ex'rs versus MALTBIE.

1. Chancery will not interpose in favor of one creditor against a judgment at law, acquired by another creditor, by superior diligence; where the former has actual or constructive notice; and has omitted to avail himself of the opportunity of securing his debt.

This was a bill in Chancery, filed in the Circuit court of Madison county, to enjoin a judgment subsisting in that court, in favor of the plaintiffs in error. The facts of the case, as presented by the record, were, that one Tilford, being indebted to Maltbie, the complainant below, he placed in the hands of one Lewis, the attorney of Maltbie, a note drawn by one Chunn, as collateral security. After judgment on the note, for the benefit of Tilford, Burdine's executors, having a judgment against Tilford, had process of garnishment issued against Chunn; whereupon, the amount of his note, on his answer, he having no notice of the transfer to Maltbie, was condemned to the judgment against Tilford. Lewis, the attorney of Maltbie, was present at the rendition of the judgment against Chunn, but did not appear to have used any effort to interpose and protect the interests of Maltbie. Maltbie, to enjoin the collection of this judgment, filed his bill, and on final hearing, obtained a decree in his favor.

*Craighead,* for complainant—*Hopkins, contra.*

LIPSCOMB, C. J.—This cause is brought before us, for the purpose of reversing the decree of the court of chancery, for the county of Madison, rendered by Judge *Perry,* on a bill filed by the present defendant, as complainant, against the plaintiffs in error.

The material facts, as collected from the bill, answer and testimony, are these—That one John H. Lewis, having in his hands for collection, a bill drawn by the complainant, for about eleven hundred dollars, which had been protested, the complainant, for the purpose of securing the payment of the bill, procured one John W. Tilford, who was then greatly indebted to complainant, to place sundry notes due to him, Tilford, in the hands of Lewis, with instructions to the said Lewis, to apply the proceeds, when collected, towards the discharge of the bill: that, among others, was one on Wm. R. Chunn, one of the defendants; that Lewis caused suit to be brought on the note against Chunn, in the name of Tilford, and and proceeded to judgment against him: that the executors of Burdine, to whom Tilford was indebted, sued out a summons of garnishment against Chunn, to answer, on oath, as to his indebtedness to Tilford. Chunn, on the return of the garnishment, answered, that he was indebted the amount of the judgment; that, in a conversation with Tilford, he was told that the note had been placed in the hands of one Lewis, with others, and that he would make an arrangement about it. This was after the commencement of suit, and before the garnishment. On this return, the Circuit court awarded a judgment of condemnation of the debt, to the use of the executors of Burdine. Lewis admits, in his testimony, that he was in court when the judgment was rendered. Tilford is insolvent. This bill was filed to enjoin the executors of Burdine, from collecting the amount of the judgment of condemnation, in their favor, against Chunn; and an injunction was granted. It was subsequently dissolved, after the coming in of the an-

swer of the executors, and they collected the money, on filing a refunding bond, as required by statute. On the final hearing, the chancellor rendered a decree in favor of the complainant, against the executors of Burdine, for the amount they had collected, and decreed that they should pay cost.

This decree, is now sought to be reversed.

It is argued that the complainant has shown no superior equity, to entitle him to call on the court of chancery, to deprive Burdine's executors of an advantage they had acquired at law.

On the part of the complainant it is urged, that it would be defeating the object of the trust if the money due from Chunn, should it be appropriated to any other purpose than the payment of the complainant; that the complainant's equity was complete in the fund, from the time the note was placed in Lewis's hands for collection, with directions to apply it to the credit of the complainant.

It is not disputed that Tilford had a right to prefer one creditor to another; and if he had made an assignment of the debt due from Chunn, to Maltbie, suit could have been maintained in the name of the assignee, and there never would have been a question raised as to whose credit the proceeds of the note should be applied.    Both Maltbie, the complainant, and Burdine's executors had equity against a fund due from Tilford's debtor, and if there had been no preference, it would have been awarded to the party who exercised the most diligence in the pursuit of his rights.    If Maltbie had interposed his equity, or made it known, at any time before the legal right of Burdine's executors had been fixed on the fund, by the judgment of condemnation, his right

would have been preferred, and the object for which the note had been placed in the hands of Lewis, would not have been defeated. But, although it was known to Lewis, he did not interpose, as he ought to have done. He should have protected the interest of Maltbie, and, if the court of law was inadequate to grant him relief, he should have resorted to chancery. We must consider Maltbie as affected by the notice of Lewis; but I am not prepared to say, that, if he had not have had notice, neither positive nor constructive, that it would have changed the result, after the final action of the court of law, on the fund in the hands of Chunn; but his having notice, makes the case stronger against him.

In *Eaton* vs. *Patterson and Hinchman,* the equity was asserted and the aid of the court of chancery invoked to enforce it, before the final action of the court of law, on the garnishment. That case can, therefore, be no authority in support of the doctrine in this case. As little aid can be drawn from *Lucas* vs. *Atwood et al.*[a] In that case Lucas was the first to resort to the only tribunal that could dispose of an equitable fund; for the satisfaction of his debt, it was ruled by the court, that his superior diligence entitled him to the preference.

In this case, after a judgment in their favor, both equity and law was in favor of the executors of Burdine; they had used superior diligence, whilst Maltbie was faulty in not making known and asserting his equity. We believe, therefore, that chancery should leave the advantage where the law had placed it, and not take the right from the plaintiffs in error, after it had been matured into a judgment at law.

The decree, for these reasons, must be reversed and bill dismissed, at the cost of the complainant.